IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOPE HOGYA, ) | CASE NO. 1:22 CV 1713 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| JUDGE VINCENT CULLOTTA, et. al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |

## I. Introduction

*Pro se* plaintiff Hope Hogya filed this action against Lake County Court of Common Pleas Judge Vincent Cullotta, Lake County Assistant Prosecuting Attorney Alexandra Kutz, and Attorney Brent Urankar. Plaintiff alleges that Defendants violated "due process, equal protection, and speedy trial." (Doc. No. 1). Plaintiff requests dismissal of the charges against her.

## II. Background

Plaintiff filed this civil rights action on September 23, 2022, while charges against her were pending in the Lake County Court of Common Pleas Court for two counts of violating a protection order. *See State of Ohio v. Hogya*, No. 22CR00566 (Lake Cty Ct. Comm. Pl. filed June 9, 2022). According to the Lake County Court's docket, Plaintiff entered into a plea agreement on November 2, 2022, and pleaded guilty to one count of violating a protection order.

The State agreed to dismiss the remaining count. On December 5, 2022, the court sentenced Plaintiff to two years community control. *Id.*

In her complaint, Plaintiff appears to take issue with the plea negotiations that occurred before Judge Cullotta in the Lake County Court of Common Pleas. She claims that her own attorney is giving her false information and she is "receiving threats of harsher treatment for exercising [her] rights." She also appears to be contesting the charges filed against her and claims she has not received a proper hearing.

### III. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application by separate order.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim

under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

## IV. Discussion

As an initial matter, Plaintiff cannot pursue her claims in a civil rights action. "The proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. 2254." *Mosley v. Glassford*, No. 5:21-cv-1579, 2022 U.S. Dist. LEXIS 3097, at *2 (N.D. Ohio Jan. 6, 2022) (quotation marks and citation omitted). Therefore, to the extent that Plaintiff seeks dismissal of the charges and her release, her sole remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent that she seeks monetary damages for unlawful conviction and incarceration, she cannot proceed unless her conviction is first reversed on direct appeal or called into question by the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff was very recently convicted and sentenced in the trial court. Her conviction has not been overturned and these claims are premature.

## V. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: December 14, 2022

-4-